## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **BILLY TYLER, Diaspora of Holocaust of largest lead contaminated site in United States in Omaha, Nebraska, and VIOLET GOODWIN, on behalf of her minor children; Diaspora of Holocaust of largest lead contaminated site in United States in Omaha, Nebraska,** | **CASE NO. 8:10CV416** |
| **Plaintiffs,** | **MEMORANDUM AND ORDER** |
| v. | |
| **EPA, and PAULETTA ISETTS,** | |
| **Defendants.** | |

Plaintiffs filed their Complaint in this matter on October 25, 2010. (Filing No. 1.) Plaintiffs have previously been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e).

### I.   SUMMARY OF COMPLAINT

Plaintiffs filed their Complaint on October 25, 2010, against the "EPA" and one individual, Pauletta Isetts ("Isetts"). (Filing No. 1 at CM/ECF p. 1.) Plaintiffs' allegations are extremely difficult to decipher and portions of the Complaint are either illegible, nonsensical, or both. As best as the court can tell, Plaintiffs allege that they live on a "lead contaminated site." (*Id.* at CM/ECF p. 2.) They further allege that lead is a "known carcinogen" and request that the court "direct EPA to use 'CERCLA'" to remove Plaintiffs and their families from this site. (*Id.* at CM/ECF pp. 1-2.) Plaintiffs also request that the court "direct EPA to tell us all how many people died from cancer on said site." (*Id.* at CM/ECF p. 3.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

### A. Claims Against Isetts

The court has carefully reviewed the Complaint. As discussed above, Plaintiffs' allegations are extremely difficult to decipher. The allegations which the court can decipher do not allege any claim against Isetts. In fact, Plaintiffs do not even identify Isetts, and do

2

not make a single allegation relating to any action taken by Isetts. As such, Plaintiffs' Complaint fails to nudge Plaintiffs' claims against Isetts across the line from conceivable to plausible. In short, Plaintiffs do not allege that Isetts deprived him of a right secured by the Constitution or laws of the United States or that the individual Defendants' actions were committed under "color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993). Thus, Plaintiffs' claims against Isetts are dismissed for failing to state a claim upon which relief may be granted.

      B.    *Claims Against the EPA*

Although Plaintiffs' allegations are difficult to decipher, the court liberally construes the Complaint to allege a claim against the EPA pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). *See* 42 U.S.C. §§ 9601-75. However, the court may only exercise jurisdiction over such a claim if Plaintiffs have provided the EPA with notice of their intent to sue. *Id.* § 9659(e); *see, e.g., Hallstrom v. Tillamook County,* 493 U.S. 20, 28 (1989) (dismissing citizen suit based on similar pre-filing notice requirement in section 6972 of the Resource Conservation and Recovery Act).

Here, Plaintiffs have failed to submit proof that they provided the EPA with notice of their intent to sue. Thus, even with the most liberal construction, Plaintiffs' Complaint does not include "sufficient facts to support the claims advanced." *Stringer v. St. James R-1 School Dist.,* 446 F.3d 799, 802 (8th Cir. 2006). However, on the court's own motion, Plaintiffs shall have 30 days in which to amend the Complaint in order to allege sufficient facts to show that they provided the EPA with notice of their intent to sue. If Plaintiffs fail

3

to file a sufficient amended complaint, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted.

    IT IS THEREFORE ORDERED that:

1.     Plaintiffs' claims against Defendant Pauletta Isetts are dismissed for failure to state a claim upon which relief may be granted;

2.     Plaintiffs' Complaint fails to state a claim upon which relief may be granted. However, Plaintiffs shall have until **January 24, 2011**, to amend their Complaint to properly allege a claim against the EPA. If Plaintiffs fail to file a sufficient amended complaint by that date, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915(e)(2); and

3.     The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review case for amended complaint on **January 24, 2011,** and dismiss if none filed.

DATED this 23rd day of December, 2010.

    BY THE COURT:

    s/Laurie Smith Camp
    United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.